IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| PAULETTE ARNSPARGER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| HUNTER WARFIELD, INC. | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, PAULETTE ARNSPARGER, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, HUNTER WARFIELD, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Maryland Consumer Debt Collection Act (hereinafter the "MCDCA"), Md. Code, Com. Law § 14-201, *et seq*.

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the MCDCA, Md. Code, Com. Law § 14-201, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Salisbury, Maryland.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and a "person" as defined in Md. Code, Com. Law § 14-201 (d), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collector" within the meaning of Md. Code, Com. Law § 14-201(b), in that it held itself out to be a company collecting a consumer debt

6. On information and belief, Defendant is a corporation of the State of Maryland, which has its principal place off business in Bethesda, Maryland.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about September 14, 2009 Plaintiff began receiving telephone calls from representatives of the Defendant, including but not limited to Reed Silverman, in attempts to collect the aforementioned alleged debt. These calls were made to Plaintiff's home, cellular and work telephone numbers, as well as to Plaintiff's son.

8. Plaintiff requested that Defendant's representatives to stop placing calls to her at her place of employment, as such calls are not allowed by her employer. Despite this request, Defendant's representatives continued to call Plaintiff at her place of employment.

9. During various telephone conversations with Plaintiff, Defendant's representatives threatened Plaintiff that legal action would be taken against her, that a wage

garnishment would be instituted and that liens would be placed on Plaintiff's house.  In addition, Defendant's representatives stated to Plaintiff that having an unpaid debt was illegal.

10. Plaintiff has told Defendant's representatives that she disputed the alleged debt and requested written information regarding the alleged debt. Despite her requests, Plaintiff has never received anything in writing from Defendant regarding alleged debt.

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving such phone calls while she is working, in violation of 15 U.S.C. § 1692c(a)(3);

    b. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692c(b);

    c. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass her, in violation of 15 U.S.C. § 1692d(5);

    d. Representing or implying that nonpayment of the alleged debt will result in garnishment, attachment and/or sale of Plaintiff's property or wages where such action is unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

    e. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    f. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace her, in violation of 15 U.S.C. § 1692e(7);

      g.    Failing to send the written notice to Plaintiff which is required by 15 U.S.C. § 1692g(a); and

      h.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, PAULETTE ARNSPARGER, respectfully prays for a judgment as follows:

      a.    All actual compensatory damages suffered;

      b.    Statutory damages of $1,000.00 for each violation of the FDCPA;

      c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      d.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Maryland Consumer Debt Collection Act)

13. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

14. In its attempts to collect the aforementioned alleged debt, Defendant violated the MCDCA in one or more of the following ways:

      a.    Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving phone calls while she is working, in violation of Md. Code, Com. Law § 14-202(6);

   b. Communicating with someone other than Plaintiff in connection with the collection of the alleged debt, in violation of Md. Code, Com. Law § 14-202;

   c. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass her, in violation of Md. Code, Com. Law § 14-202(6);

   d. Representing or implying that nonpayment of the alleged debt will result in the seizure, garnishment, attachment and/or sale of Plaintiff's property or wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of Md. Code, Com. Law § 14-202(8);

   e. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of Md. Code, Com. Law § 14-202(8);

   f. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace her, in violation of Md. Code, Com. Law § 14-202(2); and

   g. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the MCDCA.

15. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, PAULETTE ARNSPARGER, respectfully prays for judgment against Defendant as follows:

   a. All actual compensatory damages suffered;

      b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      d.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (29092)
Attorney for Plaintiff
23240 Chagrin Blvd.
Suite 601
Beachwood, OH 44122
(888) 595-9111, ext. 712 (phone)
(866) 382-0092 (facsimile)
Mitch@LuxenburgLevin.com